IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.

ROBERT WILHELM,

    Plaintiff,

v.

ENDURANCE INTERNATIONAL GROUP HOLDINGS, INC.,
JEFFREY H. FOX,
JAMES C. NEARY,
ANDREA J. AYERS,
DALE CRANDALL,
JOSEPH P. DISABATO,
TOMAS GORNY,
PETER J. PERRONE,
CHANDLER J. REEDY,
JUSTIN L. SADRIAN, and
ALEXI A. WELLMAN,

    Defendants.

**COMPLAINT AND JURY DEMAND**

Plaintiff Robert Wilhelm ("Plaintiff"), by and through his undersigned counsel, for his complaint against defendants, alleges upon personal knowledge with respect to himself, and upon information and belief based upon, *inter alia*, the investigation of counsel as to all other allegations herein, as follows:

**NATURE OF THE ACTION**

1.    Plaintiff brings this action against Endurance International Group Holdings, Inc. ("Endurance" or the "Company") and the members of its Board of Directors (the "Board" or the "Individual Defendants") for their violations of Sections 14(a) and 20(a) of the Securities Exchange Act of 1934 (the "Exchange Act"), 15 U.S.C. §§ 78n(a), 78t(a), and U.S. Securities and

Exchange Commission ("SEC") Rule 14a-9, 17 C.F.R. § 240.14a-9, and to enjoin the vote on a proposed transaction, pursuant to which the Company will be acquired by Clearlake Capital Group L.P. ("Clearlake") through its affiliates Endure Digital Intermediate Holdings, Inc. ("Parent") and Endure Digital, Inc. ("Merger Sub") (the "Proposed Transaction").

2. On November 2, 2020, Endurance issued a press release announcing that it had entered into an Agreement and Plan of Merger (the "Merger Agreement"), dated November 1, 2020, to sell Endurance to Clearlake. Under the terms of the Merger Agreement, each Endurance stockholder will be entitled to receive $9.50 in cash for each Endurance share they own (the "Merger Consideration"). The Proposed Transaction is valued at approximately $3 billion.

3. On December 14, 2020, Endurance filed a Schedule 14A Definitive Proxy Statement (the "Proxy Statement") with the SEC. The Proxy Statement, which recommends that Endurance stockholders vote in favor of the Proposed Transaction, omits and/or misrepresents material information concerning, among other things: (i) Endurance management's financial projections; and (ii) the data and inputs underlying the financial valuation analyses that support the fairness opinions provided by the Company's financial advisors Centerview Partners LLC ("Centerview") and Goldman Sachs & Co, LLC ("Goldman"). Defendants authorized the issuance of the false and misleading Proxy Statement in violation of Sections 14(a) and 20(a) of the Exchange Act.

4. In short, unless remedied, Endurance's public stockholders will be irreparably harmed because the Proxy Statement's material misrepresentations and omissions prevent them from making a sufficiently informed voting or appraisal decision on the Proposed Transaction. Plaintiff seeks to enjoin the stockholder vote on the Proposed Transaction unless and until such Exchange Act violations are cured.

## JURISDICTION AND VENUE

5.  This Court has jurisdiction over the claims asserted herein for violations of Sections 14(a) and 20(a) of the Exchange Act and SEC Rule 14a-9 promulgated thereunder pursuant to Section 27 of the Exchange Act, 15 U.S.C. § 78aa, and 28 U.S.C. §1331 (federal question jurisdiction).

6.  This Court has jurisdiction over the defendants because each defendant is either a corporation that conducts business in and maintains operations within this District, or is an individual with sufficient minimum contacts with this District so as to make the exercise of jurisdiction by this Court permissible under traditional notions of fair play and substantial justice.

7.  Venue is proper in this District pursuant to 28 U.S.C. § 1391 because Plaintiff's claims arose in this District, where a substantial portion of the actionable conduct took place, where most of the documents are electronically stored, and where the evidence exists. Endurance maintains offices for its email marketing segment in this District. Moreover, each of the Individual Defendants, as Company officers or directors, either resides in this District or has extensive contacts within this District.

## PARTIES

8.  Plaintiff is, and has been continuously throughout all times relevant hereto, the owner of Endurance common stock.

9.  Defendant Endurance is a Delaware corporation with its principal executive offices located at 10 Corporate Drive, Suite 300, Burlington, Massachusetts 01803. Endurance helps millions of small businesses worldwide with products and technology to enhance their online web presence, email marketing, business solutions, and more. The Company's common stock is traded on The Nasdaq Global Select Market under the ticker symbol "EIGI."

10. Defendant Jeffrey H. Fox ("Fox") has been President, Chief Executive Officer ("CEO"), and a director of the Company since August 2017.

11. Defendant James C. Neary ("Neary") has been Chairman of the Board and a director of the Company since December 2011.

12. Defendant Andrea J. Ayers ("Ayers") has been a director of the Company since February 2019.

13. Defendant Dale Crandall ("Crandall") has been a director of the Company since June 2013.

14. Defendant Joseph P. DiSabato ("DiSabato") has been a director of the Company since December 2011.

15. Defendant Tomas Gorny ("Gorny") has been a director of the Company since 2007.

16. Defendant Peter J. Perrone ("Perrone") has been a director of the Company since December 2011.

17. Defendant Chandler J. Reedy ("Reedy") has been a director of the Company since December 2011.

18. Defendant Justin L. Sadrian ("Sadrian") has been a director of the Company since December 2011.

19. Defendant Alexi A. Wellman ("Wellman") has been a director of the Company since April 2019.

20. Defendants identified in paragraphs 10 to 19 are collectively referred to herein as the "Board" or the "Individual Defendants."

## OTHER RELEVANT ENTITIES

21. Clearlake is a leading investment firm founded in 2006 operating integrated

4

businesses across private equity, credit and other related strategies. With a sector-focused approach, the firm seeks to partner with management teams by providing long-term capital to dynamic businesses that can benefit from Clearlake's operational improvement approach, O.P.S. The firm's core target sectors are technology, industrials and consumer. Clearlake currently has approximately $25 billion of assets under management and its senior investment principals have led or co-led over 200 investments. Clearlake has offices in Santa Monica, California and Dallas, Texas.

22. Parent is a Delaware corporation beneficially owned by affiliates of Clearlake.

23. Merger Sub is a Delaware corporation and a wholly-owned subsidiary of Parent.

## **SUBSTANTIVE ALLEGATIONS**

**Company Background**

24. Endurance is a leading provider of cloud-based platform solutions designed to help small- and medium-sized businesses ("SMBs") succeed online. Endurance serves approximately 4.8 million subscribers globally with a range of products and services that help SMBs get online, get found and grow their businesses. In addition to for-profit businesses, subscribers include non-profit organizations, community groups, bloggers, and hobbyists. Although the Company provides its solutions through a number of brands, Endurance focuses its marketing, engineering and product development efforts on a small number of strategic assets, including the Company's Constant Contact, Bluehost, HostGator, and Domain.com brands.

25. Endurance reports its business results in three reportable segments, as follows:

- Web Presence: The web presence segment consists primarily of web hosting brands, including Bluehost and HostGator. This segment also includes related products such as domain names, website security, website design tools and services, and e-commerce products.

5

- Email Marketing: The email marketing segment consists of Constant Contact email marketing tools and related products. This segment also generates revenue from sales of Endurance's Constant Contact-branded website builder tool and the Company's Ecomdash inventory management and marketplace listing solution ("Ecomdash") which the Company acquired in the third quarter of 2019.

- Domain: The domain segment consists of domain-focused brands such as Domain.com, ResellerClub and LogicBoxes as well as certain web hosting brands that are under common management with Endurance's domain-focused brands. This segment sells domain names and domain management services to resellers and end users, as well as premium domain names, and also generates advertising revenue from domain name parking. It also resells domain names and domain management services to the Company's web presence segment.

26. On November 2, 2020, the Company issued a press release announcing its third quarter 2020 financial results, including GAAP revenue of $278.4 million, an increase of 3 percent compared to revenue of $270.4 million in the third quarter of 2019; and Cash flow from operations for the quarter was $54.6 million, an increase of 33 percent compared to $41.0 million for the third quarter of 2019.

**The Proposed Transaction**

27. On November 2, 2020, Endurance issued a press release announcing the Proposed Transaction. The press release stated, in relevant part:

> BURLINGTON, Mass., Nov. 02, 2020 -- Endurance International Group Holdings, Inc. ("Endurance" or the "Company") (Nasdaq:EIGI), a leading provider of cloud-based platform solutions designed to help small and medium-sized businesses succeed online, announced today that it has entered into a definitive merger agreement to be acquired by affiliates of Clearlake Capital Group L.P.

6

("Clearlake") in an all cash transaction valued at approximately $3.0 billion including outstanding indebtedness.

Under the terms of the definitive agreement, which has been unanimously approved by the members of the Endurance Board of Directors, affiliates of Clearlake will acquire all of the outstanding common shares of Endurance for $9.50 per share in cash. The purchase price represents a 79% premium over Endurance's unaffected share price of $5.30 as of September 25, 2020, the last trading day prior to media speculation about a potential transaction, and a 64% premium to its closing share price on October 30, 2020 of $5.81.

A special meeting of Endurance shareholders will be held promptly following the filing of a definitive proxy statement with the U.S. Securities and Exchange Commission (the "SEC"). Certain affiliates of Warburg Pincus and Goldman Sachs Private Equity Partners have entered into a voting agreement committing them to, among other things, vote approximately 36% of the outstanding shares of Endurance common stock in favor of adopting the acquisition agreement.

"We are pleased with this agreement which recognizes the value of our multi-brand scale platform. We are proud to serve approximately 5 million customers worldwide as a provider of solutions that help small and medium businesses succeed online and enhance the value of their customer relationships," said Jeff Fox, President and Chief Executive Officer of Endurance.

"The Endurance family of brands has built a leading position in the large and growing cloud hosting, domain, and digital marketing software space. We look forward to partnering with this talented team and supporting its long-term strategic plan to drive growth through its focus on customer value. We are excited to leverage Clearlake's O.P.S.® framework to help the Company fuel growth both organically and through acquisitions," said Behdad Eghbali, Co-Founder and Managing Partner, and James Pade, Partner at Clearlake.

The proposed transaction is expected to close in the first quarter of 2021 and is subject to approval by Endurance shareholders, along with the satisfaction of customary closing conditions (including antitrust regulatory clearance). Clearlake will finance the transaction with a combination of committed equity financing from the Clearlake funds and has secured committed debt financing for the proposed transaction, which is not subject to any financing condition. Upon completion of the acquisition, Endurance will become a wholly owned affiliate of Clearlake.

For further information regarding the terms and conditions contained in the definitive merger agreement, please see Endurance's Current Report on Form 8-K, which will be filed in connection with this transaction.

Given today's announcement, Endurance is releasing its third quarter 2020 financial results concurrent with this announcement. The Company does not intend

to hold a conference call on Thursday, November 5, 2020 to discuss earnings as previously announced.

**Insiders' Interests in the Proposed Transaction**

28.     Endurance insiders are the primary beneficiaries of the Proposed Transaction, not the Company's public stockholders.  The Board and the Company's executive officers are conflicted because they will receive unique benefits in connection with the Proposed Transaction not available to Plaintiff and the other public stockholders of Endurance.

29.     Notably, Company insiders stand to reap substantial financial benefits for securing the deal with Clearlake.  Pursuant to the Merger Agreement, all outstanding stock options and restricted stock units ("RSU") will vest and convert into the right to receive the Merger Consideration.  The following table summarizes the transaction related compensation Company insiders stand to receive:

| Director or Officer | Number of Shares of Common Stock (#) | Cash Consideration Payable for Shares of Common Stock ($) | Number of Company Stock Options (#) | Cash Consideration Payable for Company Stock Options ($)(1) | Number of Company Restricted Stock Units (#) | Cash Consideration Payable for Company Restricted Stock Units ($) | Aggregate Value ($) |
|---|---|---|---|---|---|---|---|
| Jeffrey H. Fox | 2,231,173 | 21,196,144 | 1,113,044 | 1,827,677 | 1,370,869 | 13,023,256 | 36,047,077 |
| Marc Montagner | 826,224 | 7,849,128 | 859,361 | 475,650 | 481,070 | 4,570,165 | 12,894,943 |
| Christine Barry | 201,216 | 1,911,552 | 112,663 | 170,318 | 325,226 | 3,089,647 | 5,171,517 |
| David C. Bryson | 505,892 | 4,805,974 | 415,587 | 127,245 | 122,352 | 1,162,344 | 6,095,563 |
| John Orlando | 315,543 | 2,997,659 | 198,966 | 290,410 | 322,545 | 3,064,178 | 6,352,247 |
| Kimberly S. Simone | 238,721 | 2,267,850 | 66,932 | 110,867 | 325,226 | 3,089,647 | 5,468,364 |
| James C. Neary(2) | 52,562,956 | 499,348,082 | — | — | — | — | 499,348,082 |
| Andrea J. Ayers | 31,897 | 303,022 | — | — | 71,428 | 678,566 | 981,588 |
| Dale Crandall | 109,956 | 1,044,582 | 78,250 | — | 71,428 | 678,566 | 1,723,148 |
| Joseph P. DiSabato(3) | 15,378,522 | 146,095,959 | — | — | — | — | 146,095,959 |
| Tomas Gorny(4) | 2,429,960 | 23,084,620 | 78,250 | — | 71,428 | 678,566 | 23,763,186 |
| Peter J. Perrone | 124,956 | 1,187,082 | 78,250 | — | 71,428 | 678,566 | 1,865,648 |
| Chandler J. Reedy(2) | 52,562,956 | 499,348,082 | — | — | — | — | 499,348,082 |
| Justin L. Sadrian(2) | 52,562,956 | 499,348,082 | — | — | — | — | 499,348,082 |
| Alexi A. Wellman | 31,897 | 303,022 | — | — | 71,428 | 678,566 | 981,588 |
| Michael Hayford(5) | 78,929 | 749,826 | — | — | — | — | 749,826 |

30.     Moreover, if they are terminated in connection with the Proposed Transaction, Endurance's named executive officers are set to receive substantial cash severance payments in the form of golden parachute compensation, as set forth in the following tables:

| Name | Cash($)(1) | Equity($)(2) | Perquisites/<br>Benefits($)(3) | Total($) |
|---|---|---|---|---|
| Jeffrey H. Fox | 4,453,750 | 13,275,238 | — | 17,728,988 |
| Marc Montagner | 1,591,350 | 4,657,049 | 46,193 | 6,294,592 |
| Christine Barry | 927,000 | 3,116,603 | 46,193 | 4,089,796 |
| David C. Bryson | 795,357 | 1,184,758 | 33,739 | 2,013,854 |
| John Orlando | 929,386 | 3,117,437 | 42,395 | 4,089,218 |

**The Proxy Statement Contains Material Misstatements or Omissions**

31. Defendants filed a materially incomplete and misleading Proxy Statement with the SEC and disseminated it to Endurance's stockholders. The Proxy Statement misrepresents or omits material information that is necessary for the Company's stockholders to make an informed decision whether to vote in favor of the Proposed Transaction or seek appraisal.

32. Specifically, as set forth below, the Proxy Statement fails to provide Company stockholders with material information or provides them with materially misleading information concerning: (i) Endurance management's financial projections; and (ii) the data and inputs underlying the financial valuation analyses that support the fairness opinions provided by the Company's financial advisors, Centerview and Goldman. Accordingly, Endurance stockholders are being asked to make a voting or appraisal decision in connection with the Proposed Transaction without all material information at their disposal.

*Material Omissions Concerning Endurance Management's Financial Projections*

33. The Proxy Statement omits material information regarding the Endurance management's financial projections.

34. For example, the Proxy Statement sets forth, "[t]he financial forecasts provided to prospective bidders did not include forecasts for fiscal years 2024 or 2025, which were subsequently prepared by the Company and provided by the Company to Centerview and Goldman Sachs to use in their financial analyses." Proxy Statement at 66. However, the Proxy Statement fails to disclose when the financial projections for years 2020-23 and years 2024-25 were finalized, respectively.

9

35. In addition, the Proxy Statement fails to disclose all line items underlying unlevered free cash flow.

36. The omission of this information renders the statements in the "Financial Forecasts" section of the Proxy Statement false and/or materially misleading in contravention of the Exchange Act.

*Material Omissions Concerning Centerview's and Goldman's Financial Analyses*

37. The Proxy Statement omits material information regarding Centerview's and Goldman's financial analyses.

38. The Proxy Statement describes Centerview's and Goldman's fairness opinions and the various valuation analyses performed in support of their opinions. However, the descriptions of Centerview's and Goldman's fairness opinions and analyses fail to include key inputs and assumptions underlying these analyses. Without this information, as described below, Endurance's public stockholders are unable to fully understand these analyses and, thus, are unable to determine what weight, if any, to place on Centerview's and Goldman's fairness opinions in determining whether to vote in favor of the Proposed Transaction.

39. With respect to Centerview's *Selected Public Companies Analysis* and *Selected Public Transactions Analysis*, the Proxy Statement fails to disclose: (i) the identity of the companies and transactions analyzed by Centerview; and (ii) the individual multiples and metrics for each of the companies and transactions observed in the analyses.

40. With respect to Centerview's *Discounted Cash Flow Analysis*, the Proxy Statement fails to disclose: (i) quantification of the inputs and assumptions underlying the discount rate range of 9.0% to 10.0%; and (ii) the Company's net debt utilized in the analysis.

10

41. With respect to Centerview's *Analyst Price Target Analysis*, the Proxy Statement fails to disclose: (i) the individual price targets observed; and (ii) the sources thereof .

42. With respect to Centerview's *Premia Paid Analysis*, the Proxy Statement fails to disclose: (i) the selected transactions reviewed in the analysis; and (ii) the individual premiums paid in each of the selected transactions.

43. With respect to Goldman's *Selected Public Companies Analysis* and *Selected Public Transactions Analysis*, the Proxy Statement fails to disclose the individual multiples and metrics for each of the companies and transactions observed in the analyses.

44. With respect to Goldman's *Illustrative Present Value of Future Share Price Analysis*, the Proxy Statement fails to disclose a quantification of the inputs and assumptions underlying the discount rate of 14%..

45. With respect to Goldman's *Illustrative Discounted Cash Flow Analysis*, the Proxy Statement fails to disclose: (i) quantification of the inputs and assumptions underlying the discount rate range of 9.5% to 10.5%; and (ii) the Company's net debt utilized in the analysis.

46. Without such undisclosed information, Endurance stockholders cannot evaluate for themselves whether the financial analyses performed by Centerview and Goldman were based on reliable inputs and assumptions or whether they were prepared with an eye toward ensuring that positive fairness opinions could be rendered in connection with the Proposed Transaction. In other words, full disclosure of the omissions identified above is required in order to ensure that stockholders can fully evaluate the extent to which Centerview's and Goldman's opinions and analyses should factor into their decision whether to vote in favor of or against the Proposed Transaction or seek appraisal.

47. The omission of this information renders the statements in the "Opinion of Centerview Partners LLC" and "Opinion of Goldman Sachs & Co. LLC" sections of the Proxy Statement false and/or materially misleading in contravention of the Exchange Act.

48. The Individual Defendants were aware of their duty to disclose this information and acted negligently (if not deliberately) in failing to include this information in the Proxy Statement. Absent disclosure of the foregoing material information prior to the stockholder vote on the Proposed Transaction, Plaintiff and the other stockholders of Endurance will be unable to make an informed voting or appraisal decision in connection with the Proposed Transaction and are thus threatened with irreparable harm warranting the injunctive relief sought herein.

## COUNT I

### Against All Defendants for Violations of Section 14(a) of the Exchange Act and SEC Rule 14a-9 Promulgated Thereunder

49. Plaintiff repeats and realleges each and every allegation contained above, as though fully set forth herein.

50. During the relevant period, defendants disseminated the false and misleading Proxy Statement specified above, which failed to disclose material facts necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading in violation of Section 14(a) of the Exchange Act and SEC Rule 14a-9 promulgated thereunder.

51. By virtue of their positions within the Company, the defendants were aware of this information and of their duty to disclose this information in the Proxy Statement. The Proxy Statement was prepared, reviewed, and/or disseminated by the defendants. It misrepresented and/or omitted material facts, including material information about Endurance management's financial projections for Endurance and the data and inputs underlying the financial valuation analyses that support the fairness opinions provided by the Company's financial advisors,

Centerview and Goldman. The defendants were at least negligent in filing the Proxy Statement with these materially false and misleading statements.

52. The omissions and false and misleading statements in the Proxy Statement are material in that a reasonable stockholder would consider them important in deciding how to vote on the Proposed Transaction or seek to exercise their appraisal rights.

53. By reason of the foregoing, the defendants have violated Section 14(a) of the Exchange Act and SEC Rule 14a-9(a) promulgated thereunder.

54. Because of the false and misleading statements in the Proxy Statement, Plaintiff is threatened with irreparable harm, rendering money damages inadequate. Therefore, injunctive relief is appropriate to ensure defendants' misconduct is corrected.

## COUNT II

**Against the Individual Defendants for Violation of Section 20(a) of the Exchange Act**

55. Plaintiff incorporates by reference and realleges each and every allegation contained above, as though fully set forth herein.

56. The Individual Defendants acted as controlling persons of Endurance within the meaning of Section 20(a) of the Exchange Act as alleged herein. By virtue of their positions as officers and/or directors of Endurance and participation in and/or awareness of the Company's operations and/or intimate knowledge of the false statements contained in the Proxy Statement filed with the SEC, they had the power to influence and control and did influence and control, directly or indirectly, the decision-making of the Company, including the content and dissemination of the various statements which Plaintiff contends are false and misleading.

57. Each of the Individual Defendants was provided with or had unlimited access to copies of the Proxy Statement and other statements alleged by Plaintiff to be misleading prior to

and/or shortly after these statements were issued and had the ability to prevent the issuance of the statements or cause the statements to be corrected.

58. In particular, each of the Individual Defendants had direct and supervisory involvement in the day-to-day operations of the Company, and, therefore, is presumed to have had the power to control or influence the particular transactions giving rise to the securities violations as alleged herein, and exercised the same. The Proxy Statement at issue contains the unanimous recommendation of each of the Individual Defendants to approve the Proposed Transaction. They were, thus, directly involved in the making of this document.

59. In addition, as the Proxy Statement sets forth at length, and as described herein, the Individual Defendants were each involved in negotiating, reviewing, and approving the Proposed Transaction. The Proxy Statement purports to describe the various issues and information that they reviewed and considered—descriptions which had input from the directors.

60. By virtue of the foregoing, the Individual Defendants have violated Section 20(a) of the Exchange Act.

61. As set forth above, the Individual Defendants had the ability to exercise control over and did control a person or persons who have each violated Section 14(a) and SEC Rule 14a-9, promulgated thereunder, by their acts and omissions as alleged herein. By virtue of their positions as controlling persons, these defendants are liable pursuant to Section 20(a) of the Exchange Act. As a direct and proximate result of defendants' conduct, Endurance's stockholders will be irreparably harmed.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff demands injunctive relief, in his favor and against defendants as follows:

A.      Preliminarily and permanently enjoining defendants and all persons acting in concert with them from proceeding with, consummating, or closing the Proposed Transaction and any vote on the Proposed Transaction, unless and until defendants disclose and disseminate the material information identified above to Endurance stockholders;

B.      In the event defendants consummate the Proposed Transaction, rescinding it and setting it aside or awarding rescissory damages to Plaintiff;

C.      Awarding Plaintiff the costs of this action, including reasonable allowance for Plaintiff's attorneys' and experts' fees; and

D.      Granting such other and further relief as this Court may deem just and proper.

## JURY DEMAND

Plaintiff demands a trial by jury on all claims and issues so triable.

Dated: December 23, 2020

Respectfully submitted,

*/s/ Richard A. Acocelli*

Richard A. Acocelli
**WEISSLAW LLP**
1500 Broadway, 16th Floor
New York, NY 10036
Telephone: (212) 682-3025
Facsimile: (212) 682-3010
Email: racocelli@weisslawllp.com

*Attorneys for Plaintiff*